The defendant, McKenzie Methane Corporation, appeals from a judgment awarding the plaintiffs, M-W Drilling Company and Michael Whitehead (hereinafter collectively *Page 983 
referred to as the plaintiff) $135,120.77. We affirm.
The plaintiff's claim arose out of a contract Michael Whitehead entered with Richard Pilgreen, operator of Pilgreen Producing Company, for the plaintiff to drill coal methane gas wells in Alabama. Whitehead used the following names during the course of his business relationship with Pilgreen: M-W Drilling; G.M. Whitehead; and M-W Drilling, Inc. Although Whitehead's contract was with Pilgreen, McKenzie Methane was the actual owner of the wells dug by the plaintiff. When Pilgreen failed to make the payments called for by the contract, Whitehead filed liens against several of the wells he had dug. The plaintiff later agreed to release the liens in exchange for a promissory note from Pilgreen guaranteed by McKenzie Methane. When Pilgreen again failed to pay, the plaintiff sought payment from McKenzie Methane. McKenzie Methane refused to pay; the plaintiff sued, alleging a breach of the guaranty agreement.
McKenzie Methane does not dispute that it signed the guaranty agreement wherein the plaintiff agreed to release the liens, nor does it dispute the amount Pilgreen owed on the drilling contract. McKenzie contends that the plaintiff is a corporation not licensed to do business in Alabama and that it therefore cannot avail itself of the courts of Alabama to enforce the guaranty agreement. See § 10-2A-247, Ala. Code 1975; Sanjay,Inc. v. Duncan Construction Co., 445 So.2d 876 (Ala. 1983). Whitehead, on the other hand, contends that M-W Drilling was operating in Alabama as his sole proprietorship and that § 10-2A-247(a) is therefore not applicable. Section 10-2A-247(a), the "door closing" statute, prevents corporations not holding a "certificate of authority" from using the courts of Alabama to enforce their contracts entered into in this state. The trial judge, as fact-finder in this ore tenus case, determined that the business known in this contractual relationship as M-W Drilling was, in fact, a sole proprietorship operated by Michael Whitehead. The judge's order reads in pertinent part as follows:
 "3. . . . [A]n additional issue . . . is the identity of the plaintiff and whether or not the plaintiff is in fact a nonresident, non-qualified corporation barred from recovery by the 'door closing' statutes.
 "The parties to the guaranty contract . . . were designated as 'McKenzie Methane Corporation' (the defendant), as guarantor, and '. . . M W Drilling, Inc. (also known as M W Drilling and G.M. Whitehead),' and the Court FINDS that the entity which the parties intended to benefit from said guaranty contract was the same entity which, factually, had previously contracted with Pilgreen in providing the services in drilling gas wells and which was entitled to payment for such services from Pilgreen.
 "G.M. 'Mike' Whitehead, an individual, first began dealing with Pilgreen concerning the gas well drilling contractual relations involved in this litigation in the year 1989. Mr. Whitehead testified that he never told Pilgreen or represented to Pilgreen . . . that he represented a corporation in the transaction, and such testimony was not refuted.
 "Pilgreen prepared the written six-page contract form setting forth the details of the work which [Pilgreen] wanted done and designated thereon on the first page, the contractor as being 'M-W Drilling Associates Inc.,' but when the document was presented to Mr. Whitehead, he signed the last page on the line designated for the contractor's signature, as follows: 'G.M. Whitehead M-W Drilling', By 'G.M. Whitehead', Title 'Owner.' The contract was accepted by Pilgreen, as executed by Mr. Whitehead, without inquiry or objection.
 "Mr. Whitehead continued to use the name 'M-W Drilling,' or some variation thereof, as his business name in all of his dealings with Pilgreen, and he has never used the name 'M W Drilling, Inc.', in any transaction with Pilgreen.
 "The Court FINDS that . . . G.M. Whitehead, a noncorporate individual proprietor, was the entity which contracted with Pilgreen, was the entity which provided the services in drilling gas wells pursuant to said contract, and hence is the entity entitled to benefit from the guaranty contract . . . which is the subject of this litigation. *Page 984 
The Court further FINDS that default on the underlying promissory note by Pilgreen has occurred, that notice has been given to the defendant of Pilgreen's default, and that the sum of $135,120.77 is the amount past due and unpaid by the defendant under the terms of the guaranty contract."
C.R., 252-55.
 "In reviewing the judgment of a trial court, this Court will not presume error and will affirm the trial court's judgment if it is supported by any valid legal ground. Turner v. Clutts, 565 So.2d 92, 94 (Ala. 1990); Odom v. Blackburn, 559 So.2d 1080 (Ala. 1990). Where ore tenus evidence is presented to the trial court, a presumption of correctness exists as to the court's conclusions on issues of fact; its determination will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames, 514 So.2d 877, 878 (Ala. 1987); Cougar Mining Co. v. Mineral Land Mining Consultants, Inc., 392 So.2d 1177 (Ala. 1981). The judgment of a trial court based on ore tenus evidence is presumed correct, and its findings 'will not be disturbed on appeal unless they are palpably wrong, manifestly unjust, or without supporting evidence.' McCoy v. McCoy, 549 So.2d 53, 57 (Ala. 1989)."
Marvin's, Inc. v. Robertson, 608 So.2d 391, 393 (Ala. 1992).
Although the contract Michael Whitehead signed with McKenzie Methane named "M-W Drilling, Inc." as the contracting party, Whitehead signed the document "G.M. Whitehead, M-W Drilling" and under that signature wrote "Owner." C.R., 23. Furthermore, Whitehead testified that the invoices submitted to Pilgreen were submitted under the name "M-W Drilling Company." C.R., 59. When Pilgreen failed to pay, Whitehead filed liens against the wells he had dug. The liens were filed by "M-W Drilling Company, G.M. Whitehead." C.R., 84-85. When the liens were released upon the execution of the guaranty agreement, the release documents were signed "G.M. Whitehead, owner, sole proprietor," C.R., 71, and the releases "came from M-W Drilling Company and G.M. Whitehead." C.R., 71.
Clearly, the evidence supports the trial court's finding that M-W Drilling was operating in Alabama as a sole proprietorship when it entered the guaranty agreement with McKenzie Methane. Thus, that finding was not "palpably wrong, manifestly unjust, or without supporting evidence." Marvin's, Inc., supra. Accordingly, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON and KENNEDY, JJ,., concur.