Timothy Sides sued Nationwide Insurance Corporation and Sandra Czerny Drake, a Nationwide claims adjuster, for fraud. The trial court granted a summary judgment for Nationwide and Drake. Sides appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
A summary judgment may be entered only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.;Crowne Invs., Inc. v. Bryant, 638 So.2d 873 (Ala. 1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party's favor. Id.
To defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
The facts are as follows. Melissa Dillion, who was Sides's girlfriend at the time, was involved in a one-car automobile accident and was hospitalized at Huntsville Hospital for serious injuries. The driver of the car was insured by Nationwide. While Dillion was a patient in the Huntsville Hospital, Drake visited the hospital. Sides was present when Drake spoke with Dillion's parents. Sides alleges that Drake stated that Dillion would not have anything to worry about in relation to her medical bills and that Drake further stated that there was sufficient liability coverage to fully cover Dillion's medical expenses.
When Dillion was released from the hospital, Sides was the only person at the hospital with Dillion. A hospital employee informed Sides that certain papers had to be signed before Dillion could leave the hospital. Because Dillion was medicated, Sides signed the forms. One form included in the paperwork was a promissory note that obligated the person signing for the payment of Dillion's medical expenses at Huntsville Hospital. Sides signed this form.
Dillion's medical expenses at Huntsville Hospital were $43,000. Apparently, Nationwide refused to pay Dillion's medical bills. Dillion sued the driver, and Nationwide paid in, on an interpleader, $50,000, the limit of the driver's liability insurance. Dillion received a judgment of $50,000, and the trial court directed that $25,000 go toward Dillion's attorney fees and that $25,000 go toward Dillion's medical expenses ($23,925 to Huntsville Hospital and $1,075 to Limestone Hospital), leaving $19,000 of unpaid medical expenses as to Huntsville Hospital. The hospital sought payment from Sides and subsequently turned the bill over to a collection agency.
Sides claims that the only reason he signed the promissory note is because of Drake's assurances that Nationwide would pay Dillion's medical expenses. Sides contends that Drake committed fraud in saying that all of Dillion's medical expenses would be paid by Nationwide.
Section 6-5-101, Ala. Code 1975, which gives a party damaged by fraud a right of action, reads:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
To succeed on his fraud claim, Sides was required to show: "(1) misrepresentation of a material fact (2) made willfully to deceive or recklessly without knowledge (3) which was justifiably relied upon by the plaintiff under the circumstances and (4) which caused damage as a proximate consequence."Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch,Inc., 611 So.2d 238, 244 (Ala. *Page 855 
1992).[1] If the fraud is based upon a promise to perform or to abstain from performing in the future, two additional elements are required: (1) the defendant's intention, at the time of the alleged misrepresentation, not to do the act promised, coupled with (2) an intent to deceive. P SBusiness, Inc. v. South Cent. Bell Tel. Co.,466 So.2d 928, 930 (Ala. 1985); quoting Clanton v. Bains Oil Co.,417 So.2d 149 (Ala. 1982).
In its motion for summary judgment, Nationwide submitted a summary of the undisputed facts and an "argument" section to support its contentions. Nationwide supported its argument with excerpts from Sides's deposition, in which Sides stated that he knew of no reason why Drake would lie to him or to Dillion's parents. Also, he stated that at the time of the alleged misrepresentation there was no way Drake would actually have known the amount of Dillion's medical expenses.
Sides responded to Nationwide's request for a summary judgment by filing an affidavit of Brenda Tyler, Dillion's mother. Tyler stated that while Dillion was in the hospital she and Sides met with Drake and that Drake stated "in the presence and hearing of Tim Sides, that Nationwide would pay the medical bills, no matter how high they were, that there was plenty of liability insurance, plenty of insurance money to take care of everything. . . ." Sides also submitted a letter written by Drake and notes she made in the claim file explaining that she believed the medical expenses would require the policy limit of $50,000.
Nationwide argues that Drake's statement that there was sufficient liability insurance and that it would cover the medical expenses was not a misrepresentation because, it argues, the statement was truthful. The policy limit was $50,000 and Dillion's medical expenses were $43,000.
Nationwide also argues that there is no evidence that Drake made the statement intentionally, recklessly, or mistakenly. We agree. Sides presented no evidence indicating that Nationwide intended to deceive him. At the time of the meeting between Dillion's parents and Drake, Sides was merely Dillion's boyfriend and was introduced to Drake as being such. Sides was in no way responsible for Dillion's medical expenses, and, also, it was not foreseeable to Drake that he would obligate himself for her expenses by signing a promissory note at the hospital.
"In reviewing the judgment of a trial court, this Court will . . . affirm the trial court's judgment if it is supported by any valid legal ground." McKenzie Methane Corp. v. M-W Drilling,Inc., 653 So.2d 982, 984 (Ala. 1995). Because Sides did not present substantial evidence to satisfy the intent requirement for a fraud claim, we find that the summary judgment was proper.
AFFIRMED.
YATES, CRAWLEY, and THOMPSON, JJ. concur.
ROBERTSON, P.J., concurs in the result.
[1] We note that in Foremost Ins. Co. v. Parham,693 So.2d 409 (Ala. 1997), our supreme court discarded the "justifiable reliance" standard and returned to a "reasonable reliance" standard. However, the new standard applies to all fraud cases filed after March 14, 1997, and, thus, does not apply to the present case.