Value Auto Credit, Inc. ("Value"), appeals a denial of its motion to compel the arbitration of a dispute between it and Phillip Talley. We reverse and remand.
On the scant record before us, it appears that on May 30, 1997, Talley purchased an automobile from Value. On that date, Talley was 18 years old — a minor. Value agreed to finance the purchase, pursuant to a "retail installment contract and security agreement," which Talley signed. In connection with the purchase, Talley also signed a separate document, entitled: "Alternative Dispute Resolution Agreement by Binding Arbitration," by which he agreed to arbitrate "all disputes . . . resulting from or arising out of the sale transaction entered into."
Value subsequently repossessed the vehicle, and, on October 31, 1997, four days after his 19th birthday, Talley sued Value in the Jefferson Circuit Court. His complaint contained counts alleging (1) wrongful repossession, (2) breach of contract, (3) fraud, (4) conversion, (5) theft, and (6) the tort of outrage. On December 3, 1997, Value moved to stay the action and to compel arbitration.
On December 10, 1997, Talley filed an affidavit stating:
 "1. My name is Phillip Talley and I was born October 27, 1978.
 "2. I entered into an arbitration agreement with Value Auto Credit, Inc. on May 30, 1997.
 "3. At the time I entered into such agreement, I was not yet nineteen (19) years of age.
 "4. I turned nineteen (19) years of age on October 27, 1997. *Page 62 
 "5. I hereby elect to disaffirm and render void such arbitration agreement."
(Emphasis added.) The trial court denied Value's motion to compel arbitration, and Value appealed.
Value cites two secondary authorities, namely, J. Calamari J. Perillo, The Law of Contracts § 8-4, at 310 (3d ed. 1987), and 42 Am. Jur.2d Infants § 93 (1969). These authorities purport to state, as a general proposition, that, although a minor may disavow a contract after reaching majority, "[t]heentire contract must be avoided." Calamari Perillo, supra, at 310 (emphasis added). In other words, "[t]he infant is not entitled to enforce portions that are favorable to him and at the same time disaffirm other portions that he finds burdensome." Id.
"An infant cannot disaffirm a portion of a single contract or transaction and affirm the rest. If he avoids any part of a contract, he avoids the entire contract, and if he ratifies a part of the agreement, he ratifies it all." 42 Am. Jur.2d § 93, supra.
Talley has not addressed this argument and has not cited any authority demonstrating why he should not be subject to this general proposition.[1] It is undisputed that he intends to avoid only the arbitration provision, and to ratify the rest of the contract, upon which his breach-of-contract claim depends. Therefore, on the basis of what the parties have presented, we reverse the order denying Value's motion to compel arbitration, and we remand this cause.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, SEE, and LYONS, JJ., concur.
[1] Talley states the issue on appeal as whether he "may disaffirm [the] arbitration agreement entered into prior to obtaining majority, yet still maintain a lawsuit based on the underlying contract, due to the severability of the two agreements." Brief of Appellee, at 1.