777 So.2d 99 (2000)
SOUTHERN ENERGY HOMES, INC.
v.
Linda NALLEY and Don Nalley.
1972228.
Supreme Court of Alabama.
June 30, 2000.
*100 John Martin Galese and W. Scott Simpson of John Martin Galese, P.A., Birmingham, for appellant.
Philip Henry Pitts and Rickman E. Williams III of Pitts, Pitts & Thompson, Selma; and John W. Kelly III, Selma, for appellees.
PER CURIAM.
Southern Energy Homes, Inc., appeals from the order of the trial court denying Southern Energy's motion to compel arbitration of claims brought against it by Linda Nalley and Don Nalley. We reverse and remand.
Linda and Don Nalley purchased a mobile home manufactured by Southern Energy. The Nalleys' agreements, disputes, and claims against the retailer who sold them the mobile home are not material to the issues dispositive of this appeal.
The Nalleys sued both the retailer and Southern Energy. They alleged claims of breach of warranty, breach of contract, misrepresentation, and fraud. The Nalleys specifically brought claims of breach of written warranty pursuant to the Magnuson-Moss WarrantyFederal Trade Commission Improvement Act (Magnuson-Moss Act), 15 U.S.C. § 1501 et seq., against Southern Energy and the retailer.
Southern Energy answered and moved to stay the action and to compel arbitration of the Nalleys' claims. In support of its motion, Southern Energy submitted a document entitled "SOUTHERN ENERGY WARRANTY LIMITED ONE-YEAR/FIVE-YEAR WARRANTY" containing the language of an arbitration agreement between the manufacturer and the purchaser. The warranty includes the following arbitration language:
"IF THE PROBLEM IS STILL NOT RESOLVED
"If your problems are not satisfactorily remedied through the steps set out above, you are entitled to have the dispute settled through binding arbitration as set out below:
"In the event of any dispute or claim, arising out of or in connection with the design, construction, warranty or repair of any product or component supplied by the Manufacturer, the condition of the product, the conformity of the product, the merchantability of the product, whether such product is or is not `new', any representations, promises, undertakings or covenants made or allegedly made by the Manufacturer in connection with or arising out of any transaction or undertaking between the Manufacturer *101 and any purchaser, or subsequent purchaser, the Manufacturer and the purchaser of this product agree to submit such dispute or claim to binding arbitration, pursuant to the provisions of 9 USC 1, et.seq. [sic] and according to the Commercial Rules of Arbitration of the American Arbitration Association then existing."
The Nalleys did not object to the submission of this document. Thus, the record establishes Southern Energy's prima facie case for the existence of the agreement to arbitrate. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110 (Ala.1999).
Southern Energy also submitted two affidavits by Don McNutt. Only one of these affidavits is material to the contested issues. It reads, in pertinent part:
"According to the books and records of Southern Energy Homes, Inc., on January 31, 1996 and on June 25, 1996, Southern Energy performed warranty service on the involved home. Linda Nalley signed a warranty ticket certifying that the repairs had been made to her satisfaction."
The Nalleys did not submit any evidentiary material or a brief in opposition to the motion to stay and to compel arbitration at that time. On November 27, 1997, the trial court granted both the retailer's and Southern Energy's motions to compel arbitration.
In May 1998, the Nalleys opposed Southern Energy's motion to compel binding arbitration. In a supporting brief, the Nalleys argued that the trial court should deny Southern Energy's motion because Southern Energy did not sign the contracts invoked by Southern Energy and because the Magnuson-Moss Act prevents the inclusion of a binding arbitration provision in a written warranty. The Nalleys cited Wilson v. Waverlee Homes, Inc., 954 F.Supp. 1530 (M.D.Ala.1997), aff'd without opinion, 127 F.3d 40 (11th Cir.1997). Approximately 14 days later, the Nalleys moved pursuant to Rule 60(b), Ala. R. Civ. P., for relief from the November 27, 1997, order. In their motion, the Nalleys asserted that, because their attorneys of record did not receive a copy of the November 27, 1997, order, they were unaware that the court had ordered them to arbitrate their claims against Southern Energy. Alternatively, the Nalleys asked the trial court to "reconsider" its November 27, 1996, order in light of the decision in Waverlee, supra, and other recent decisions. Southern Energy responded that the Nalleys were not entitled to Rule 60(b) relief from the November 27, 1996, order. Following arguments of counsel, the trial court granted the Nalleys' motion; vacated its November 27, 1996, order compelling the Nalleys to arbitrate their claims against Southern Energy; and denied Southern Energy's motion to compel arbitration. Southern Energy appealed.
On appeal, Southern Energy contends that the trial court erred in vacating its November 27, 1996, order compelling the Nalleys to arbitrate their claims against Southern Energy. The Nalleys argue that we should affirm the trial court on three theories. The first theory is that the arbitration provisions in their contracts with the retailer are not broad enough to require arbitration of their claims against Southern Energy. The second theory is that they did not make an agreement to arbitrate with Southern Energy. The third theory is that the Magnuson-Moss Act invalidates the arbitration provisions in the Southern Energy warranty. We will address the Nalleys' second theory first.
We find the Nalleys' second theory invalid for reasons we explained in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131, 1134 (Ala.2000):
"On the one hand, we recognize that parties cannot be required to arbitrate unless they have agreed to arbitrate. 9 U.S.C. § 4 and AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643 [, 106 S.Ct. 1415, 89 L.Ed.2d 648] (1986). On the other *102 hand, the only pertinent evidentiary materials (as distinguished from arguments by counsel) are the Home Owner's Manual containing the warranty and arbitration language and the already-quoted affidavit of Don McNutt. While the Ards' arguments dispute their assent to the arbitration language and attack the effectiveness of the delivery of the arbitration language, no evidentiary materials of record support the Ards in this regard except the absence of any signatures by the parties in the Home Owner's Manual. This absence of evidentiary materials in opposition to arbitration distinguishes this case from the otherwise similar case of Southern Energy Homes, Inc. v. Kennedy, [Ms. 1980365, May 26, 2000] 774 So.2d 540 (Ala.2000).
"The Ards are contractually bound to the arbitration provisions for two reasons. First, the affidavit of Don McNutt establishes, without contradiction, that the Ards have accepted the benefits of the warranty containing the arbitration provisions. This acceptance constitutes the Ards' acceptance of the arbitration provisions themselves. Rush v. Atomic Electric Co., 384 So.2d 1067 (Ala.1980). Second, the Ards have sued Southern Energy on the theory, among others, of express warranty. The only express warranty included in the evidentiary materials is the one containing the arbitration provisions. A plaintiff cannot simultaneously claim the benefits of a contract and repudiate its burdens and conditions. Value Auto Credit, Inc. v. Talley, 727 So.2d 61 (Ala.1999); Infiniti of Mobile, Inc. v. Office, 727 So.2d 42 (Ala.1999); Georgia Power Co. v. Partin, 727 So.2d 2 (Ala.1998); Delta Constr. Corp. v. Gooden, 714 So.2d 975 (Ala. 1998); Ex parte Dyess, 709 So.2d 447 (Ala.1997)."
Now, we will address the Nalleys' third theorytheir theory that the Magnuson-Moss Act invalidates the arbitration provisions in the Southern Energy warranty. We hold this theory, too, invalid for reasons explained in Ard, supra:
"The Ards, in support of their theory that the Magnuson-Moss Act invalidates the arbitration provisions, cite Wilson v. Waverlee Homes, Inc., 954 F.Supp. 1530 (M.D.Ala.1997), Boyd v. Homes of Legend, Inc., 981 F.Supp. 1423 (M.D.Ala. 1997), and Rhode v. E & T Investments, Inc., 6 F.Supp.2d 1322 (M.D.Ala.1998). Indeed, this very Court, in Southern Energy Homes, Inc. v. Lee, 732 So.2d 994 (Ala.1999), cites both Wilson and Boyd with approval and reaches the same holdingthat the Magnuson-Moss Act invalidates arbitration provisions in a written warranty issued by a manufacturer of consumer goods. Justice See of this Court, however, filed a scholarly and thorough dissent in Lee. We now opine that Justice See's dissent in Lee is correct and the majority opinion is incorrect. Therefore, we overrule the majority opinion in Lee and adopt Justice See's dissent. On the rationale of Justice See's dissent in Lee, we hereby hold that the Magnuson-Moss Act does not invalidate arbitration provisions in a written warranty."
772 So.2d at 1135.
Because our rejection of the Nalleys' theories challenging the arbitration provisions in the Southern Energy warranty obliges us to enforce arbitration of their claims against Southern Energy, we do not address the Nalleys' first theory, asserting that the arbitration provisions in the Nalleys' contracts with the retailer do not benefit Southern Energy. "Because the record establishes the valid formation of the agreement to arbitrate, and the arbitration provisions validly and legally bind the [Nalleys], the trial court erred in denying Southern Energy's motion to compel arbitration." Ard, 772 So.2d at 1135. Accordingly, we reverse the trial court's order denying Southern Energy's motion to compel arbitration and remand the cause to the trial court with instructions to vacate that order and to enter an order *103 granting Southern Energy's motion, staying the court proceedings, and compelling arbitration.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and MADDOX, SEE, LYONS, and BROWN, JJ., concur.
HOUSTON, COOK, JOHNSTONE, and ENGLAND, JJ., dissent.
COOK, Justice (dissenting).
I dissent for the same reasons Justice Johnstone expressed in his dissenting opinion in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000).
JOHNSTONE, Justice (dissenting).
I respectfully dissent for the reasons stated in my dissent in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala. 2000).
ENGLAND, J., concurs.