777 So.2d 79 (2000)
SOUTHERN ENERGY HOMES, INC.
v.
Vicki Carol GREGOR and Herchel W. Baker.
1980236.
Supreme Court of Alabama.
June 30, 2000.
John Martin Galese and Jeffrey L. Ingram of John Martin Galese, P.A., Birmingham, for appellant.
Joseph C. McCorquodale III and Jacqualyn S. Bradley of McCorquodale & McCorquodale, Jasper, for appellees.
PER CURIAM.
Vicki Carol Gregor and Herchel W. Baker (hereinafter called "Gregor") purchased a mobile home manufactured by Southern Energy Homes, Inc. Gregor's agreements, disputes, and claims against the retailer who sold them the mobile home are not *80 material to the issues dispositive of this appeal.
Gregor sued both the retailer and Southern Energy. She alleged claims of intentional misrepresentation; fraud in the inducement; breach of warranty; negligent manufacture, design, or construction; negligent transportation; and negligent installation. Gregor also asked the trial court to declare void "any alleged agreement to arbitrate" between Gregor and Southern Energy.
Southern Energy answered and moved to stay the action and to compel arbitration of Gregor's claims. In support of its motion, it submitted a document entitled "SOUTHERN ENERGY WARRANTY LIMITED ONE-YEAR/FIVE-YEAR WARRANTY" containing the language of an arbitration agreement between the manufacturer and the purchaser. The warranty includes the following arbitration language:
"IF THE PROBLEM IS STILL NOT RESOLVED
"If your problems are not satisfactorily remedied through the steps set out above, you are entitled to have the dispute settled through binding arbitration as set out below:
"In the event of any dispute or claim, arising out of or in connection with the design, construction, warranty or repair of any product or component supplied by the Manufacturer, the condition of the product, the conformity of the product, the merchantability of the product, whether such product is or is not `new', any representations, promises, undertakings or covenants made or allegedly made by the Manufacturer in connection with or arising out of any transaction or undertaking between the Manufacturer and any purchaser, or subsequent purchaser, the Manufacturer and the purchaser of this product agree to submit such dispute or claim to binding arbitration, pursuant to the provisions of 9 USC 1, et.seq. [sic] and according to the Commercial Rules of Arbitration of the American Arbitration Association then existing."
Gregor did not object to the submission of this document. Thus, the record establishes Southern Energy's prima facie case for the existence of the agreement to arbitrate. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110 (Ala.1999).
Southern Energy also submitted two affidavits by Don McNutt. Only one of these affidavits is material to the contested issues. It reads, in pertinent part:
"According to the books and records of Southern Energy Homes, Inc., on October 21, 1996 and on December 23, 1996, Southern Energy performed warranty service on the involved home. Vicki Gregor signed a warranty ticket certifying that the repairs had been made to her satisfaction."
Although Gregor submitted a brief in opposition to Southern Energy's motion to compel arbitration, she did not submit any evidentiary material in opposition to Southern Energy's motion.
Following argument of counsel, the trial court entered an order stating, in pertinent part, as follows:
"This matter came to be heard ... on the defendants' Motion to Stay Action and Motion to Compel Binding Arbitration.... The Court, having heard oral arguments and having read the briefs filed by the parties, and having considered and understood the same, finds that the defendants' Motion to Stay Action and Motion to Compel Binding Arbitration is due to be denied.
"It is, therefore, ORDERED, ADJUDGED and DECREED that the defendants' Motion to Stay Action and Motion to Compel Binding Arbitration is hereby denied."
Southern Energy appealed.
On appeal, Southern Energy contends that the trial court erred in denying its motion to compel arbitration. Gregor argues that we should affirm the trial court *81 on two theories. The first is that Gregor never made any agreement to arbitrate. The second theory is that the Magnuson-Moss WarrantyFederal Trade Commission Improvement Act (Magnuson-Moss Act), 15 U.S.C. § 2301 et seq., invalidates the arbitration provisions in the Southern Energy warranty.
One of Gregor's arguments in support of her theory that she never made any agreement to arbitrate is that the affidavit of Don McNutt is "inadmissible hearsay" inasmuch as "no copies of any documents allegedly signed by Gregor were attached to this affidavit or submitted for the Court's consideration." Indeed, neither the warranty tickets nor the "books and records of Southern Energy Homes, Inc." to which Don McNutt's affidavit refers were submitted to the trial court for its consideration regarding Southern Energy's motion to compel arbitration. Southern Energy, however, argues that Gregor's failure to raise this hearsay challenge to the McNutt affidavit before the trial court forecloses consideration of this challenge by this Court.
On the one hand, this Court can affirm the ruling of a trial court for any valid reason, even one not presented to or considered by the trial court. Premiere Chevrolet, Inc. v. Headrick, 748 So.2d 891 (Ala.1999); Southern United Fire Ins. Co. v. Knight, 736 So.2d 582 (Ala.1999); Morrison v. Franklin, 655 So.2d 964 (Ala. 1995); McKenzie Methane Corp. v. M-W Drilling, Inc., 653 So.2d 982 (Ala.1995); Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988). On the other hand, the particular case now before us presents a compelling reason of fundamental fairness not to consider Gregor's belated challenge to the McNutt affidavit. Had Gregor challenged the affidavit before the trial court on the ground that the affidavit violated the hearsay rule or on the more apt ground that it violated the best evidence rule by presenting the substance of documents not in evidence without proving that those documents were lost, destroyed, or otherwise unavailable, Southern Energy likely could have remedied the defect simply by introducing its books and records as business records under Rule 803(6), Ala. R. Evid., and introducing the warranty tickets as Gregor's admissions under Rule 801(d)(2), Ala. R. Evid. Our considering Gregor's belated challenge to the affidavit would unfairly deprive Southern Energy of such an opportunity to remedy the defect.
Our recent case of Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000), addresses and defeats the remaining aspects of Gregor's two theories for affirming the denial of Southern Energy's motion to compel arbitration:
"On the one hand, we recognize that parties cannot be required to arbitrate unless they have agreed to arbitrate. 9 U.S.C. § 4 and AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643 [, 106 S.Ct. 1415, 89 L.Ed.2d 648] (1986). On the other hand, the only pertinent evidentiary materials (as distinguished from arguments by counsel) are the Home Owner's Manual containing the warranty and arbitration language and the already-quoted affidavit of Don McNutt. While the Ards' arguments dispute their assent to the arbitration language and attack the effectiveness of the delivery of the arbitration language, no evidentiary materials of record support the Ards in this regard except the absence of any signatures by the parties in the Home Owner's Manual. This absence of evidentiary materials in opposition to arbitration distinguishes this case from the otherwise similar case of Southern Energy Homes, Inc. v. Kennedy, [Ms. 1980365, May 26, 2000] 774 So.2d 540 (Ala.2000).
"The Ards are contractually bound to the arbitration provisions for two reasons. First, the affidavit of Don McNutt establishes, without contradiction, that the Ards have accepted the benefits of the warranty containing the arbitration provisions. This acceptance *82 constitutes the Ards' acceptance of the arbitration provisions themselves. Rush v. Atomic Electric Co., 384 So.2d 1067 (Ala.1980). Second, the Ards have sued Southern Energy on the theory, among others, of express warranty. The only express warranty included in the evidentiary materials is the one containing the arbitration provisions. A plaintiff cannot simultaneously claim the benefits of a contract and repudiate its burdens and conditions. Value Auto Credit, Inc. v. Talley, 727 So.2d 61 (Ala.1999); Infiniti of Mobile, Inc. v. Office, 727 So.2d 42 (Ala.1999); Georgia Power Co. v. Partin, 727 So.2d 2 (Ala.1998); Delta Constr. Corp. v. Gooden, 714 So.2d 975 (Ala. 1998); Ex parte Dyess, 709 So.2d 447 (Ala.1997).
". . . .
"The Ards, in support of their theory that the Magnuson-Moss Act invalidates the arbitration provisions, cite Wilson v. Waverlee Homes, Inc., 954 F.Supp. 1530 (M.D.Ala.1997), Boyd v. Homes of Legend, Inc., 981 F.Supp. 1423 (M.D.Ala. 1997), and Rhode v. E & T Investments, Inc., 6 F.Supp.2d 1322 (M.D.Ala.1998). Indeed, this very Court, in Southern Energy Homes, Inc. v. Lee, 732 So.2d 994 (Ala.1999), cites both Wilson and Boyd with approval and reaches the same holdingthat the Magnuson-Moss Act invalidates arbitration provisions in a written warranty issued by a manufacturer of consumer goods. Justice See of this Court, however, filed a scholarly and thorough dissent in Lee. We now opine that Justice See's dissent in Lee is correct and the majority opinion is incorrect. Therefore, we overrule the majority opinion in Lee and adopt Justice See's dissent. On the rationale of Justice See's dissent in Lee, we hereby hold that the Magnuson-Moss Act does not invalidate arbitration provisions in a written warranty.
"Because the record establishes the valid formation of the agreement to arbitrate, and the arbitration provisions validly and legally bind the Ards, the trial court erred in denying Southern Energy's motion to compel arbitration."
Therefore, on the authority of Ard, supra, we reverse the order denying Southern Energy's motion to compel arbitration and remand the cause to the trial court with instructions to vacate that order and to enter an order granting the motion, staying the court proceedings, and compelling arbitration.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and MADDOX, LYONS, and BROWN, JJ., concur.
SEE, J., concurs specially.
HOUSTON, COOK, JOHNSTONE, and ENGLAND, JJ., dissent.
SEE, Justice (concurring specially).
I concur with the main opinion, but write specially to address the issue of the plaintiffs' challenge, raised for the first time on appeal, to the affidavit of Don McNutt. I agree that this Court should not consider the plaintiffs' belated challenge to the affidavit, and, in fact, I believe that this Court cannot consider the plaintiffs' belated challenge.
In the trial court, the plaintiffs did not object to the affidavit or move to strike it. Consequently, they waived any challenge to the admissibility of the affidavit, and, thus, failed to preserve that issue for this Court to review. See Carruth v. Pittway Corp., 643 So.2d 1340, 1342 (Ala. 1994) ("[A] party challenging the admissibility of [an affidavit] must properly object to it; a failure to properly object in the trial court to the admissibility of such evidence results in a waiver of any objection to this Court's consideration of that evidence in reviewing a summary judgment."); McMillian v. Wallis, 567 So.2d 1199, 1205 (Ala.1990) (holding that defendant-appellees waived any objection to this Court's consideration of evidence contained in an affidavit submitted by the *83 plaintiff-appellant in opposition to the defendant-appellees' motions for summary judgment because the defendant-appellees filed no motion to strike and entered no objections to that affidavit). Although this Court can affirm a trial court's judgment on any valid legal ground, even one raised for the first time on appeal, that ground must be supported by the record. As this Court stated in McMillan, Ltd. v. Warrior Drilling & Engineering Co., 512 So.2d 14, 25 (Ala.1986): "[A]n appellee, though he files no cross-appeal or cross-petition, may offer in support of his judgment any argument that is supported by the record, whether it was ignored by the court below or flatly rejected." (Quotation marks omitted; citations omitted; emphasis added.) Therefore, this Court cannot consider the plaintiffs' challenge, unsupported by the record and raised for the first time on appeal, to the admissibility of the affidavit, even though that challenge is made in support of the trial court's judgment.
COOK, Justice (dissenting).
I dissent for the same reasons Justice Johnstone expressed in his dissenting opinion in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000).
JOHNSTONE, Justice (dissenting).
I respectfully dissent for the reasons stated in my dissent in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala. 2000).
ENGLAND, J., concurs.