In this lawsuit, a jury found that Robert Dale Carson had been the victim of a retaliatory discharge by his employer, G.UB.MK. Constructors. The jury *Page 1179 
assessed actual damages of $50,000 and punitive damages of $300,000. The trial court then entered a judgment for $350,000.
In Ex parte Veazey, 637 So.2d 1348, 1349 (Ala. 1993), this Court held: "Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome." Further, this Court has stated, "`In reviewing the judgment of a trial court, this Court will not presume error and will affirm the trial court's judgment if it is supported by any valid legal ground.'" McKenzieMethane v. M-W Drilling, 653 So.2d 982, 984 (Ala. 1995), quotingMarvin's, Inc. v. Robertson, 608 So.2d 391, 393 (Ala. 1992).
The parties' briefs and the record contain significant support for Carson's contentions. This support includes, but is not limited to, sworn testimony indicating that Lee Sterling — the superintendent for the relevant division of the defendant — admitted that the company had a policy of not rehiring employees with pending workers' compensation claims. The evidence as to the company's role in the rehiring of laid-off workers (such as Carson) was capable of contrary interpretations. Because the union apparently received communications from G.UB.MK. as to whom the employer should rehire, the authority of the union to recommend workers to management had been compromised by its own reliance on G.UB.MK. Clark Reeves, who was the site manager for the defendant at the Colbert Steam Plant when Carson sustained his injury, testified that neither Carson nor his union ever filed a grievance in this matter. Further, the union never sent Carson back to work at G.UB.MK. After considering all of these factors, including the demeanor of the witnesses, the jury returned a verdict for Carson. The trial court confirmed this result by entering its judgment based on that verdict.
I would therefore respect the trial jury, the trial court, and the trial record by affirming this judgment.