845 So.2d 764 (2002)
RONNIE SMITH'S HOME CENTER, INC.
v.
George LUSTER.
Pioneer Housing Systems, Inc.
v.
George Luster.
1000856 and 1000978.
Supreme Court of Alabama.
September 6, 2002.
K. Phillip Luke of Hall, Conerly, Mudd & Bolvig, P.C., Birmingham, for appellant Ronnie Smith's Home Center, Inc.
David L. Selby II and Olivia S. Matuszak of Kee & Selby, L.L.P., Birmingham, for appellant Pioneer Housing Systems, Inc.
G. Houston Howard II of Howard, Dunn, Howard & Howard, Wetumpka; and Gregory L. Davis of Davis, Hamilton, Berry & Sexton, Montgomery, for appellee.
JOHNSTONE, Justice.
"This Court reviews the denial of a motion to compel arbitration de novo." American Gen. Fin., Inc. v. Morton, 812 So.2d 282, 284 (Ala.2001). An appellate court will affirm the trial court for any legitimate reason supported by the record even if different from the reason cited by the trial court. Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988). See also Southern Energy Homes, Inc. v. Gregor 777 So.2d 79 (Ala.2000).
"The merger rule applies as well as to prior or contemporaneous writings as to oral agreements. [Ex parte] Palm Harbor [Homes, Inc., 798 So.2d 656 (Ala. 2001)]; Infiniti of Mobile, Inc. v. Office, 727 So.2d 42 (Ala.1999); Ex parte Conference America, Inc., 713 So.2d 953 (Ala.1998); Crown Pontiac, Inc. v. McCarrell, 695 So.2d 615 (Ala.1997); see also Lakehead Pipe Line Co. v. Investment Advisors, Inc., 900 F.Supp. 234 (D.Minn.1995)."
Belmont Homes, Inc. v. Law, 841 So.2d 237, 240-41 (Ala.2002). The order of the trial court denying the motions to compel arbitration filed by Ronnie Smith's Home Center, Inc., and Pioneer Housing Systems, Inc., is affirmed on the authority of Law, 841 So.2d at 242, and Ex parte Palm Harbor Homes, Inc., 798 So.2d 656, 660-62 (Ala.2001).
AFFIRMED.
HOUSTON and WOODALL, JJ., concur.
HARWOOD, J., concurs specially.
MOORE, C.J., and LYONS, BROWN, and STUART, JJ., concur in the result.
SEE, J., dissents.
HARWOOD, Justice (concurring specially).
I concur with the main opinion that application of the merger rule is dispositive of the outcome in this case. I write specially to note that although the retail installment contract, which is the writing signed by George Luster and Ronnie Smith's Home Center, Inc., containing the merger clause,[1] itself contained an arbitration *765 clause purporting to bind those two signatories to arbitrate any controversy or claim between them, Ronnie Smith's Home Center, Inc., has not sought to compel arbitration under that clause. Rather, it and Pioneer Housing Systems, Inc., have relied solely on the separate, contemporaneous writing entitled an "Agreement for Binding Arbitration." It is that writing that is supplanted and extinguished by force of the merger clause in the retail installment agreement.
SEE, Justice (dissenting).
I respectfully dissent.
On April 26, 1999, George Luster purchased a single-wide mobile home from Ronnie Smith's Home Center. Pioneer Housing Systems manufactured the mobile home. As part of the sales transaction, Luster executed a sales contract consisting of a retail installment contract and a freestanding agreement for binding arbitration.
Luster alleges that Ray Norris, a sales representative at Ronnie Smith, told him when he purchased the mobile home that he was purchasing a 1999 model Pioneer mobile home. Luster later discovered a certificate in his home indicating that Pioneer had manufactured the mobile home in November 1996. Luster sued Ronnie Smith and Pioneer, alleging misrepresentation, fraudulent inducement, suppression, and a violation of the Magnuson-Moss Warranty Act.
Ronnie Smith and Pioneer filed motions to compel arbitration based on the arbitration agreement. The trial court denied the motions.
The retail installment contract contains the following provisions:
"This contract is the entire agreement between us and I agree that no oral or implied representations have been made to me to induce me to enter into this contract ...."
"[T]his contract sets forth our entire agreement..."
The final paragraph of the arbitration agreement reads as follows:
"This agreement is a part of the contract of sale this date entered into this date between Buyer and Seller, the terms and provisions of which are incorporated herein by reference, and shall be binding upon and inure to the benefit of their respective heirs and assigns."
The main opinion treats the language from the retail installment contract as a merger clause and, citing Belmont Homes, Inc. v. Law, 841 So.2d 237, 241 (Ala.2002), and Ex parte Palm Harbor Homes, Inc., 798 So.2d 656, 660-62 (Ala.2001), effectively holds that the merger clause in the retail installment contract nullifies the agreement calling for binding arbitration.[2]
Ronnie Smith, however, is correct when it argues in its reply brief
"that while [Ronnie Smith] believes that the correct interpretation of the contract is that the retail installment agreement and the agreement for binding arbitration constitute one contract, if this court holds otherwise, it is clear that under the applicable Alabama law, that the retail installment contract was modified by the parties entering into the agreement for binding arbitration."
"This Court recognized long ago that a contract may incorporate the terms of another document by reference." McDougle *766 v. Silvernell, 738 So.2d 806, 808 (Ala.1999). See also Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 36 (Ala.1998) ("Parties to a contract are bound by pertinent references therein to outside facts and documents."). The plain language of the freestanding arbitration agreement states: "This agreement is a part of the contract of sale ... the terms and provisions of which are incorporated herein by reference." By its terms, the freestanding arbitration agreement became the contract of sale and modified the agreement reached by the parties in the retail installment contract.
I, therefore, must dissent from the decision to affirm the trial court's denial of Ronnie Smith and Pioneer's motions to compel arbitration.[3]
NOTES
[1] The merger clause contains the following statements: "This contract is the entire agreement between us and I agree that no oral or implied representations have been made to induce me to enter into this Contract" and "THIS CONTRACT SETS FORTH OUR ENTIRE AGREEMENT AND ... NO OTHER PROMISES HAVE BEEN MADE." (Capitalization original.)
[2] In my dissent in Palm Harbor Homes I concluded that language nearly identical to the language in Luster's retail installment contract did not constitute a merger clause. See 798 So.2d at 663.
[3] The main opinion does not reach the other issues presented to this court on appeal; I therefore express no opinion on those other issues.