I respectfully dissent from the majority opinion, which grants Webb's petition for the writ of mandamus and directs the trial court to vacate its order compelling arbitration.
 I.
This case involves the enforceability of an arbitration provision in an employment agreement. David Webb argues, and the majority of the Court agrees, that the Federal Arbitration Act ("the FAA") does not apply to this employment agreement because, he argues, neither the agreement nor the transaction it evidences has a substantial effect on interstate commerce. However, the United States Supreme Court, in Circuit CityStores, Inc. v. Adams, 532 U.S. 105, 113-14 (2001), held that if "there is an argument to be made that arbitration agreements in employment contracts are not covered by the [FAA], it must be premised on the language of the § 1 exclusion provision itself." That is, the FAA applies to all contracts of employment, except those contracts that involve transportation workers. Weeks v. Harden Mfg. Corp., 291 F.3d 1307,1314 (11th Cir. 2002). Therefore, I submit that it is unnecessary in this case for the Court to reach the interstate-commerce analysis in order to determine that the FAA governs Webb's employment agreement.[2]
Even applying an interstate-commerce analysis, if it were necessary to do so, I disagree with the conclusion of the main opinion that this dispute need not be submitted to arbitration because, the opinion asserts, Bill Penney failed to submit any evidence indicating that Webb's employment in Bill Penney Motor Company's cleanup shop affected that company's interstate transactions. This Court has held that "`to prevail on an assertion of arbitrability, the moving party is required to produce some evidence which tends to establish its claim,'" Jim Burke Auto.,Inc. v. Beavers, 674 So.2d 1260, 1265 (Ala. 1995) (opinion on application for rehearing) (quoting In re American Freight Sys., Inc., 164 B.R. 341,345 (D.Kan. 1994)), and "`has the burden of proving the existence *Page 1038 
of a contract calling for arbitration and proving that that contract involves a transaction affecting interstate commerce.'" Tefco Fin. Co.v. Green, 793 So.2d 755, 758 (Ala. 2001) (quoting Ex parte Caver,742 So.2d 168, 172 n. 4 (Ala. 1999) (emphasis added)). Although the chores Webb performed in the cleanup shop were menial, Penney submitted evidence indicating that those chores were an essential step in the Company's eventual sale of new and used vehicles to persons or entities outside of Alabama. The affidavit Penney submitted in support of his motion to compel arbitration states, in part:
 "3. Specifically, Bill Penney Motor Company, Inc. purchases new and used vehicles and automobile parts for resale from out-of-state suppliers and vendors. Bill Penney Motor Company, Inc. also sells new and used vehicles to persons and other entities residing outside of the State of Alabama. . . .
 "4. To both facilitate these transactions and its business generally, Bill Penney Motor Company, Inc., employs persons in its `clean up shop' to clean new and used automobiles sold by Bill Penney Motor Company, Inc. in the course of its business. Plaintiff David Webb was employed by Bill Penney Motor Company, Inc. in its `clean up shop.' . . ."
(Emphasis added.)
The FAA provides in pertinent part that "a contract evidencing a transaction involving commerce . . . shall be valid. . . ."9 U.S.C. § 2 (emphasis added). I believe that Penney's affidavit provides the requisite "some evidence which tends to establish [Penney's] claim" that Webb's employment affected interstate commerce. SeeAllied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 274 (1995) (interpreting the term "involving commerce" as the "functional equivalent" of the phrase "affecting commerce"). Therefore, Webb's employment contract is properly reached by the FAA.
 II.
Having concluded that the arbitration agreement is within the reach of the FAA, I turn to the remaining issues that Webb presents on appeal.
 A.
Webb argues that Penney lacks standing to compel arbitration, because Penney is not a signatory to the arbitration agreement, and that Webb's claims of assault, battery, and the tort of outrage fall outside the scope of the arbitration agreement. Both questions are properly addressed to the arbitrator for resolution.
"Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, . . . so the question `who has the primary power to decide arbitrability' turns upon what the parties agreed about that matter." First Options of Chicago,Inc. v. Kaplan, 514 U.S. 938, 943 (1995). "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is `clea[r] and unmistakeabl[e]' evidence that they did so." 514 U.S. at 944.
Webb argues that Penney lacks standing to compel arbitration because Penney is not a signatory to the arbitration agreement. The arbitration agreement signed by Webb in this case states that the parties agreed to arbitrate all disputes "resulting from or arising out of [Webb's] employment (including but not limited to: the enforceability of this agreement, the terms of this agreement; . . . the terms herein contained, including but not limited to their breadth and scope . . .)." In Oakwood Acceptance Corp. v. Hobbs, 789 So.2d 847, 850 (Ala. 2001), the arbitration agreement similarly provided that "[a]ny challenges to the validity or enforceability of *Page 1039 
this Agreement shall be determined by the arbitrator(s)." Relying on this language, this Court held that third-party standing to enforce the arbitration agreement is a question to be decided by the arbitrator.
In Ex parte Waites, 736 So.2d 550, 551 (Ala. 1999), the arbitration provision stated that the parties agreed to arbitrate any disputes "resulting from or arising out of the sale transaction entered into (including but not limited to: the terms of th[e] agreement . . . [and]their breadth and scope . . .)." We concluded that this language expressed a clear intent of the parties to arbitrate the issue of arbitrability.
In this case, the arbitration agreement states that the parties agreed to arbitrate all disputes "resulting from or arising out of [Webb's] employment (including but not limited to: the enforceability of this agreement, the terms of this agreement; . . . the terms herein contained, including but not limited to their breadth and scope . . .)." (Emphasis added.) This language is substantially the same as the language in the arbitration agreements in Hobbs and Waites, which this Court held evidenced a clear intention to arbitrate the question of the arbitrability of the dispute. Therefore, Penney's standing to enforce the arbitration agreement between Webb and Bill Penney Motor Company and the scope and breadth of that agreement are issues for the arbitrator, not this Court, to decide.
 B.
Webb also argues that the arbitration agreement he signed is unconscionable because, under the terms of the agreement, he is responsible for paying the costs of the arbitration proceedings, but he says he cannot afford to pay those costs. Alabama contract law does not excuse a party's performance solely on the ground of financial hardship; therefore, evidence of Webb's limited financial means, without more, does not justify a finding that the arbitration agreement is unconscionable.Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 37 (Ala. 1998). Moreover, I note from the trial court's order that Penney has agreed to pay the costs of the arbitration proceedings. Therefore, Webb's claim that the arbitration agreement is unconscionable simply because of his financial hardship lacks merit.
 III.
This matter comes before us on a petition for the writ of mandamus. Mandamus is an extraordinary writ, and one petitioning for it must show (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Ex parte Breman Lake View Resort,L.P., 729 So.2d 849, 851 (Ala. 1999). Based on the above, Webb has not shown a clear legal right to have the trial court vacate its order compelling arbitration; therefore, I would not issue the writ.
Brown, J., concurs.
[2] "[T]his Court can affirm the ruling of a trial court for any valid reason, even one not presented to or considered by the trial court."Southern Energy Homes, Inc. v. Gregor, 777 So.2d 79, 81 (Ala. 2000). This long-standing principle of appellate review does not offend notions of due process and fairness because it is the appellant who has an affirmative duty of showing error upon the record. See Tucker v.Nichols, 431 So.2d 1263, 1264 (Ala. 1983). Moreover, because CircuitCity, supra, speaks directly to the scope and breadth of the FAA — issues that the parties argued in the trial court and in their briefs on appeal — Webb had ample notice that Circuit City could affect this Court's disposition of his petition.