880 So.2d 1112 (2003)
LIBERTY NATIONAL LIFE INSURANCE COMPANY and Chris Reese
v.
Willie ESTER and Dorothy Ester.
1021395.
Supreme Court of Alabama.
October 24, 2003.
Scott Burnett Smith of Bradley Arant Rose & White, LLP, Huntsville; and Laurie K. Pratt-Johns, Tuscaloosa, for appellants.
C. Harry Green, Hamilton, for appellees.
PER CURIAM.
The sole issue presented in this arbitration case is whether an insurance carrier can enforce an arbitration provision included in an insurance policy in light of the plaintiffs' claim of fraud in the inducement *1113 as to both the policy and the arbitration provision.
The trial judge refused to compel arbitration, finding that the transaction evidenced by the policy did not substantially affect interstate commerce. His ruling was entered before the United States Supreme Court decided Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003). See also Huntsville Utilities v. Consolidated Constr. Co., 876 So.2d 450 (Ala.2003)(opinion on application for rehearing, withdrawing opinion issued on May 23, 2003).
Willie Ester and Dorothy Ester, the plaintiffs, recognize that the judgment of the trial court cannot be affirmed on the ground that the transaction does not affect interstate commerce; they argue, however, that even if the transaction evidenced by the policy affects interstate commerce, a question remains as to whether they were fraudulently induced to convert an existing policy, and that that question is an issue that must be determined by the court, not an arbitrator. They contend, further, that the trial court here determined that issue adversely to the movants, the defendants, and that the judgment of the trial court should therefore be affirmed. We disagree, and we reverse and remand.

Facts
The Esters alleged in their complaint that when they purchased their house they purchased a level premium reducing term life insurance policy, otherwise known as a mortgage-insurance policy, from Liberty National Life Insurance Company ("Liberty National") on March 4, 1977. The term of the policy was to expire on March 4, 2007. The Esters allege that, on April 1, 2001, Chris Reese, an agent of Liberty National, told them that they could no longer keep the policy and that it would be canceled. The Esters claim that as a result of this representation they allowed the policy to lapse or to be canceled, and that they were damaged because "they could not obtain similar insurance with similar limits for the same or less premium being paid to [Liberty National]."
Willie Ester contended that on March 20, 2001, he applied to have his mortgage-insurance policy, policy no. 2392270, converted to a whole life insurance policy and that Chris Reese took the application.[1] Based on the conversion application, Liberty National issued Willie Ester a whole life insurance policy, policy no. 5373603, which provided $10,000 in coverage; the monthly premium was $60.61. The limits of the mortgage-insurance policy were $10,000 and the monthly premium for that policy was $20.45.
Along with the conversion application, Willie Ester signed an acknowledgment form; that form notified him that the whole life insurance policy contained an arbitration clause.
The Esters sued Liberty National and Reese, who they alleged told them that the mortgage-insurance policy had to be canceled and converted to a whole life insurance policy. The Esters claimed that this representation was false and that they suffered damage because they "could not obtain similar insurance with similar limits for the same or less premium being paid to [Liberty National]."
Liberty National and Reese filed a motion to compel arbitration, supported by an affidavit of Anthony McWhorter, president *1114 of Liberty National. Liberty National also asked the court to stay the action pending arbitration.
The Esters filed a motion for a hearing on the motion to compel arbitration, and filed a memorandum brief in support of their position in the trial court that the trial court should not compel arbitration because "the transaction does not substantially affect interstate commerce."[2]
The trial court held a hearing on Liberty National and Reese's motion to compel arbitration; after the hearing the trial court denied the motion, stating in its order that "this Court looks `beyond the maneuvering by [Liberty National and Reese]' to force the [Esters] to arbitrate their justiciable grievances and clearly sees Alabama plaintiffs seeking redress in an Alabama Court against an Alabama agent and an Alabama company in which the subject transaction should be regulated by the Insurance Department of Alabama.... [Liberty National and Reese's] motion to compel arbitration is denied." Liberty National and Reese appeal.

Scope of Review
This Court stated recently in Wolff Motor Co. v. White, 869 So.2d 1129, 1131 (Ala.2003):
"`This Court reviews de novo a trial court's denial of a motion to compel arbitration.' Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 745 (Ala. 2000). `A "party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that contract involves a transaction affecting interstate commerce."' Tefco Fin. Co. v. Green, 793 So.2d 755, 758 (Ala.2001)(quoting Ex parte Caver, 742 So.2d 168, 172 n. 4 (Ala.1999)). The party moving for arbitration must `"produce some evidence which tends to establish its claim."' Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 (Ala.1995)(opinion on application for rehearing)(quoting In re American Freight Sys., Inc., 164 B.R. 341, 345 (D.Kan.1994))."
The Esters, in their brief to this Court, candidly admit that "[a]t the time the trial court denied [Liberty National and Reese's] motion to compel [arbitration] the decision was unquestionably correct on the issue of `substantially affects' interstate commerce," but that since the trial court issued its order "the United States Supreme decided Citizens Bank v. Alafabco, Inc., [539 U.S. 52,] 123 S.Ct. 2037 (2003)," which "changed the caselaw in Alabama regarding a contract's `affecting' interstate commerce." (Esters' brief, p. 5.) Nevertheless, as we point out above, they argue, citing Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988), and Southern Energy Homes, Inc. v. Gregor, 777 So.2d 79 (Ala. 2000), in support of their position, that even if they cannot "prevail in the defense that the contract does not substantially affect interstate commerce," the order of the trial court denying the motion to compel arbitration should be affirmed because an appellate court will affirm a judgment of a trial court for any legitimate reason supported by the recordeven one different from the one given by the trial court. They contend that a fact question still exists as to whether a claim alleging fraud in the inducement can be decided in an arbitration proceeding. The Esters cite Ex parte Foster, 758 So.2d 516 (Ala.1999), in support of their argument.
*1115 In Foster, an insurance policyholder asserted claims against various insurance agencies alleging fraud, breach of contract, and bad-faith failure to pay an insurance claim. The trial court granted the agencies' motion to compel arbitration of the policyholder's claims, and the policyholder petitioned this Court for a writ of mandamus directing the trial court to vacate its order. This Court denied the petition and held that the clear language of the arbitration provision showed that the parties agreed to arbitrate preliminary issues of arbitrability.
The Esters argue that a different result should be reached here because the language of the arbitration clause in Foster specifically stated that "all questions ... related to ... this arbitration clause shall be resolved by binding arbitration" (emphasis omitted), and that "[t]he clear language of the arbitration provision prima facie shows that the parties agreed to arbitrate preliminary issues of arbitrability." 758 So.2d at 518-19. The Esters argue that the arbitration clause in their contract has no such provision. We cannot accept the argument advanced by the Esters. The arbitration clause in this case encompasses "any dispute, claim[,] question, or disagreement arising out of or relating to this policy," including "any claim alleging fraud."
In Harold Allen's Mobile Home Factory Outlet v. Early, 776 So.2d 777 (Ala.2000), the buyers of an allegedly defective mobile home brought an action against the seller and the manufacturer to recover for alleged fraud, breach of warranty, and negligence. The trial court vacated its earlier order granting the seller's and the manufacturer's motions to compel arbitration, and the seller and the manufacturer appealed. This Court reversed the judgment of the lower court, holding (1) that the buyers did not reasonably rely on the salesman's alleged representation about the arbitration agreements; (2) that they failed to present substantial evidence of fraud in the inducement as to the arbitration agreements; and (3) that the arbitration agreements were enforceable. Regarding the buyers' claim that the seller was guilty of fraud in the inducement, this Court stated:
"Federal law requires this Court to review under general Alabama contract law the allegations that the Earlys were fraudulently induced to sign the arbitration agreement, and to resolve in favor of arbitration any doubts whether the Earlys' fraudulent-inducement claim is arbitrable. See Quality Truck & Auto Sales, Inc. v. Yassine, 730 So.2d 1164, 1167-68 (Ala.1999). The Earlys' fraudulent-inducement claim is governed by the `reasonable-reliance' standard. See Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala.1997). Under that standard, a person cannot blindly rely on an agent's oral representations to the exclusion of written disclosures in a contract. Ex parte Caver, 742 So.2d 168, 173 (Ala. 1999). Thus, the Earlys were required to produce substantial evidence indicating that they reasonably relied on representations by Harold Allen's salesman."
776 So.2d at 783-84 (emphasis added).
In the Early case, this Court also discussed the issue raised by the Esters on appeal, as follows:
"We do not interpret the Earlys' allegations, particularly allegations (2) [that the Earlys did not agree to submit disputes to binding arbitration] and (6) [that the arbitration provision was not part of the transaction and was not contained in the documents executed by the Earlys], as stating a claim of fraudulent inducement of the arbitration agreementthat is, as an allegation that they were tricked by misrepresentations into *1116 signing the arbitration agreement or the installment agreement. Even if we interpreted the Earlys' allegations as stating a claim of fraudulent inducement, we would have to conclude that they did not present substantial evidence in support of that claim. See Ex parte Perry, 744 So.2d 859, 863 (Ala.1999) (opinion of three Justices) (`A party must provide substantial evidence of fraud in the inducement, particularly related to the arbitration clause, in order to avoid arbitration.'). The only evidence presented to support their challenge to the enforceability of the arbitration agreement was their own affidavits."
776 So.2d at 782 (footnote omitted).
The Esters are correct that this Court could affirm the trial court's order denying the motion to compel arbitration if they had been fraudulently induced to convert their mortgage-insurance policy. However, they did not present substantial evidence to support a fraudulent-inducement claim. Therefore, in light of the United States Supreme Court's holding in Citizens Bank and applying Harold and Early, we reverse the trial court's order and remand the cause.
REVERSED AND REMANDED.
SEE, BROWN, and STUART, JJ., concur.
HOUSTON, LYONS, HARWOOD, and WOODALL, JJ., concur in the result.
JOHNSTONE, J., dissents.
HOUSTON, Justice (concurring in the result).
See Harold Allen's Mobile Home Factory Outlet, Inc. v. Early, 776 So.2d 777, 782 (Ala.2000).
JOHNSTONE, Justice (dissenting).
At most, the arbitration agreement requires the Esters to arbitrate only, in the words of the agreement, those claims "arising out of, or relating in any way to[,] this [new] policy or certificate, its subject matter, its negotiation, issuance or termination" (emphasis added). The Esters are not suing Liberty National for defrauding them into getting the new policy. They are suing Liberty National for defrauding them into cancelling their old policy,[3] which did not contain any arbitration agreement.
Thus, the Esters' claim is outside the scope of the arbitration agreement. That is, the Esters' claim does "aris[e] out of, or relat[e] in any way to[,] this [new] policy or certificate, its subject matter, its negotiation, issuance or termination." Therefore, I respectfully submit that this Court should affirm the denial of the motion to compel arbitration.
NOTES
[1] Liberty National states that it was Raymond Horace Smith who took Willie Ester's application, not Reese, as the Esters allege. For purposes of the issue presented on this appeal, the factual mistake, if the Esters are incorrect, is of no consequence.
[2] The Esters' motion and supporting brief were filed before the United States Supreme Court decided Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003), discussed later in this opinion.
[3] While the main opinion recites April 1 as the date of the fraudulent misrepresentation, the Esters' amended complaint alleges March 20.