Plaintiff Michael Brian Odom, a minor, by and through his mother and next friend, Melanie Lynn Odom, appeals from a summary judgment in favor of defendants L.M. Blackburn and Pamela Blackburn in this action to recover damages under Ala. Code 1975, § 6-5-71, for the death of Brian D. Odom, the plaintiff's father. We affirm.
On June 27, 1987, Brian D. Odom was struck by an automobile and killed on a road in Escambia County. The plaintiff filed suit on October 13, 1988, alleging that the defendants, who owned and operated Blackburn's Club, Inc. ("the Club"), a combination package store and bar, had sold alcoholic beverages to his father just prior to his death; that his father had been visibly intoxicated at the time the sale was made; that the sale had been in violation of Chapter 20-X-6.02(4) of the Rules of the Alabama Alcoholic Beverage Control Board; and that the sale had caused or contributed to his father's death. The plaintiff sought damages pursuant to § 6-5-71 and Ala. Code 1975, § 28-3-49.
The defendants filed a motion for a summary judgment on November 29, 1988, supported by their respective affidavits. A hearing on the motion was held on April 25, 1989, at which time the plaintiff submitted the deposition of L.M. Blackburn in opposition. The deposition had been taken on January 16, 1989. The trial court entered a summary judgment for the defendants on *Page 1081 
May 2, 1989, without a detailed explanation as to the basis for its ruling, and made that judgment final pursuant to Rule 54(b), Ala. R.Civ.P., on May 6, 1989.[1] On May 9, 1989, the plaintiff filed a response to the defendants' motion for summary judgment, supported by the affidavit of Melanie Odom, and filed a motion to vacate the summary judgment. On May 10, 1989, the defendants filed a motion to strike the affidavit of Melanie Odom on several grounds, including the ground that it was untimely. The defendants also filed a response to the plaintiff's motion to vacate the summary judgment. The trial court did not rule on either motion. The plaintiff's motion to vacate the summary judgment was denied by operation of law pursuant to Rule 59.1, Ala.R.Civ.P. This appeal followed.
Summary judgment is proper when there is no genuine issue of material fact as to any element of a plaintiff's cause of action and the defendant is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. On review of a summary judgment for a defendant, this Court views the evidence in a light most favorable to the plaintiff and resolves all reasonable doubts against the defendant. Wilson v. Brown,496 So.2d 756 (Ala. 1986). The present action was filed on October 13, 1988; therefore, the "substantial evidence rule" is applicable. Ala. Code 1975, § 12-21-12.
Section 6-5-71, supra, reads, in pertinent part, as follows:
 "(a) Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.
 "(b) Upon the death of any party, the action or right of action will survive to or against his executor or administrator.
 "(c) The party injured, or his legal representative, may commence a joint or separate action against the person intoxicated or the person who furnished the liquor, and all such claims shall be by civil action in any court having jurisdiction thereof."
Section 28-3-49(a), supra, states that rules promulgated by the Alabama Alcoholic Beverage Control Board "have the full force and effect of law." Chapter 20-X-6.02(4) provides: "No on premise licensee may serve a person any alcoholic beverage if such person is acting in such a manner as to appear to be intoxicated." See Vol. 1, Alabama Administrative Code.
The defendants concede that Brian D. Odom was present in the Club on the evening of his death. They contend, however, that the undisputed evidence showed that while he was there, Odom did not act "in such a manner as to appear to be intoxicated." Therefore, they argue, the summary judgment was proper. The plaintiff argues that the defendants did not raise this issue in their motion for summary judgment and, therefore, that they are precluded from raising it now on appeal. We disagree.
The motion for summary judgment reads, in pertinent part, as follows:
 "On or about June 27, 1987, the defendant, L.M. Blackburn. . . did not, . . . in his individual capacity, sell, give away, or otherwise dispose of any liquors or beverages to another, and in particular, to Brian D. Odom, in a manner contrary to the provisions of law in violation of Ala. Code § 6-5-71 (1975)."
The abolition of the "scintilla of evidence rule" did not change the normal procedure for handling the burden of proof in summary judgment cases. If a defendant moves for a summary judgment and makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the plaintiff to present substantial evidence in support of his position. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala. 1989). The defendants' affidavits submitted *Page 1082 
in support of their motion in the present case did not make the necessary prima facie showing that Odom was not visibly intoxicated while he was at the Club on the evening of June 27, 1987. Therefore, the evidentiary showing that was made by the defendants did not shift the burden to the plaintiff to show that his father was visibly intoxicated while he was in the Club. Bass v. SouthTrust Bank, supra. However, on the day of the hearing on the motion for summary judgment, the plaintiff
submitted the deposition of L.M. Blackburn to the trial court. Blackburn's deposition testimony revealed that Blackburn had been present at the Club on the evening of June 27, 1987; that he had observed Odom for five to seven minutes; and that he had asked Odom to leave the Club because Odom was being disruptive. Blackburn testified in deposition that he never saw Odom holding or drinking an alcoholic beverage and that Odom did not appear to be intoxicated. Blackburn further stated that he had no basis upon which to conclude that Odom's disruptive behavior had been caused by intoxication.
Because Blackburn's deposition was properly before the trial court for its consideration, see Kutack v. Winn-DixieLouisiana, Inc., 411 So.2d 137, 139 (Ala. 1982) ("a trial court pursuant to Rule 56 may properly consider any material that would be admissible at trial and all evidence of record as well as material submitted in support of or in opposition to the motion when ruling on a motion for summary judgment" (emphasis in original)), it was incumbent upon the plaintiff, who had full knowledge of the contents of the deposition, to present sufficient evidence to show that a genuine issue of fact existed as to whether Odom was visibly intoxicated while he was at the Club on the evening of June 27, 1987. Although the plaintiff had sufficient time (approximately three months) in which to discover and present any evidence that would have rebutted Blackburn's testimony in this regard, he did not do so.
The record does not contain a transcript of the April 25, 1989, hearing on the summary judgment motion; therefore, we are not privy to the arguments that were made to the trial court at that time. Likewise, the trial court did not detail its reasons for entering the summary judgment. However, the record shows that the defendants were entitled to a judgment, because there was no genuine issue as to whether Odom had acted in such a manner as to appear to be intoxicated while at the Club. It is well established that this Court will not presume error and will affirm a judgment appealed from if it is supported on any valid legal ground. Tucker v. Nichols, 431 So.2d 1263 (Ala. 1983). Furthermore, by not ruling on the plaintiff's motion to vacate the summary judgment, and thereby allowing it to be denied by operation of law, the trial court allowed its May 2, 1989, judgment to stand. In so doing, the trial court could have properly considered the affidavit of Melanie Odom to be untimely and could have refused to consider it.
For the foregoing reasons, we hold that the summary judgment was proper.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] The Club was also named as a defendant; the claim against it remains pending.