The Circuit Court of Talladega County entered a judgment on a jury verdict in favor of James Hines against Farr Metal, Inc., in the amount of $20,500 in compensatory damages and $74,500 in punitive damages. Farr Metal appeals. We reverse and remand.
Hines was an employee of Michael's, Inc., a subcontractor renovating a building owned by Avondale Mills. Hines was injured when he fell through an opening in an upper floor of the building under renovation. It is undisputed that the opening was created during the removal of duct work by Farr Metal, also a subcontractor of Avondale.[1] It is also undisputed that Farr Metal had constructed a temporary wooden cover over the opening two to three months before the accident.
To prove negligence, a plaintiff must establish four elements: 1) a duty to a foreseeable plaintiff; 2) a breach of that duty; 3) proximate causation; and 4) damage or injury.Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala. 1994). The record shows it to be undisputed that Hines's supervisors, who were also employees of Michael's, were aware of the opening and of the temporary cover, before Hines's accident. Greg Robinson, Hines's immediate supervisor, and Julius Anderson, the job superintendent for Michael's, testified that they were aware of the opening and that they had inspected the cover over the opening through which Hines fell.
In McGregory v. Lloyd Wood Constr. Co., [Ms. 1971648, April 2, 1999] 736 So.2d 571 (Ala. 1999), this Court quoted the following from Armstrong v. Georgia Marble Co., 575 So.2d 1051,1053 (Ala. 1991): *Page 864 
 "`In Crawford Johnson Co. v. Duffner, 279 Ala. 678, 189 So.2d 474 (1966), this Court held that any duty on the part of the defendant to warn of dangers in the workplace would ordinarily be discharged by giving notice of the dangers to all supervisory personnel of the plaintiff. In that case, the plaintiff's employer had contracted with the defendant to repair a boiler. The plaintiff's employer knew of the defective switch on the boiler but failed to warn the plaintiff. This Court held that the defendant could not be held liable to the plaintiff because it had discharged its duty by warning the plaintiff's employer of the danger.
 "`Once a third party discharges its duty by warning the employer, the duty of warning each of the employer's individual employees falls to the employer. "[T]he owner or occupier of particular property has a duty to warn the employees of an independent contractor who has undertaken to do work on the property, of dangers that are hidden on or inhere in that property, and . . . this duty is discharged if those in charge of the work for the independent contractor are given warning or have knowledge of the danger." Gulf Oil Corp. v. Bivins, 276 F.2d 753, 758 (5th Cir. 1960), cert. denied, 364 U.S. 835, 81 S.Ct. 70, 5 L.Ed.2d 61 (1960); see, also, Cook v. Branick Manufacturing, Inc., 736 F.2d 1442
(11th Cir. 1984).'"
736 So.2d at 574-75. (Emphasis added.)
Before the accident, Hines's supervisors had actual knowledge of the opening on the third floor where Hines was working; this direct knowledge removed any duty on the part of Farr Metal to inform Hines of the possible danger presented by the opening.
In its motions for judgment as a matter of law, made both before and after the jury returned its verdict, Farr Metal asserted that it did not owe Hines the duty described above. The trial court erroneously denied those motions.
Therefore, the trial court's judgment is reversed and the case is remanded.
REVERSED AND REMANDED.
HOOPER, C. J., and MADDOX, SEE, LYONS, and BROWN, JJ., concur.
KENNEDY, J., dissents.
[1] The only document in the record regarding the work Farr Metal contracted to perform for Avondale is a purchase order (CR 55580311) which provides, in pertinent part, that Farr Metal would "[p]rovide labor, tools, material and necessary services to . . . remove old duct."