[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 381 
This appeal arises from a wrongful-death claim by Donna Roberts ("Donna"), individually and as administratrix of the estate of her deceased husband Kenneth Raymond Roberts, Sr. ("Roberts"), against ABC Auto Parts, Inc., Sidney M. Clements, and NASCO Equipment Company, Inc. The trial court entered a summary judgment for the defendants, and Donna appealed. We affirm.
 Facts and Procedural History
Roberts was killed on September 25, 2004, when he was struck by a counter-weight while repairing a forklift owned by ABC Auto Parts and manufactured by NASCO. About four weeks before his death, Roberts had agreed to repair the forklift. Clements, the president of ABC Auto Parts, hired Roberts as an independent contractor after learning that he had experience in servicing and repairing heavy equipment, including forklifts.[1] The forklift Roberts was repairing consists of two main components: the forklift unit, which weighs approximately 18,000 pounds, and a counterweight, which weighs approximately 5,400 pounds.
In late August or early September 2004, Roberts began his repair of the forklift. He was assisted by one of his sons, Bruce. Before beginning the repairs, Bruce implemented several safety precautions, including chocking the wheels, [2] placing extenders on each arm of the forklift and then inserting the forklift arms into the ground, and engaging the emergency brake. Donna testified in her deposition that Roberts always observed safety precautions when he worked around heavy machinery that could move while he was making the repairs.[3] *Page 382 
On September 24, 2004, after Bruce had implemented his safety precautions, Clements instructed several employees to move the forklift. The employees removed the forklift arms from the ground, and some of the scotches[4] were dislodged from the rear wheels of the forklift. An extender was also removed from one of the forklift arms. On the day of the accident, Roberts and Bruce returned to ABC Auto Parts to perform the final repairs on the forklift. According to Bruce, the final repair to the forklift consisted primarily of reattaching the counterweight to the forklift. After helping his father set the counterweight on the frame of the forklift, Bruce went into the auto-parts store to talk with Clements. While Roberts was reattaching the counterweight to the forklift, the counterweight fell, and Roberts was struck and killed by the force of the impact.
Donna filed this wrongful-death action against ABC Auto Parts, Clements, and NASCO. All three defendants moved for a summary judgment, and the trial court granted the motion. Donna appealed.
 Standard of Review
A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. If the movant meets this initial burden, then the burden shifts to the nonmovant to present "substantial evidence" creating a genuine issue of material fact. Ex parte Alfa Mut. Gen. Ins.Co., 742 So.2d 182, 184 (Ala. 1999). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Westv. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989). In determining whether a genuine issue of material fact exists, this Court views the evidence in the light most favorable to the nonmovant and resolves all reasonable doubts in favor of the nonmovant. Jones v. BPOil Co., 632 So.2d 435, 436 (Ala. 1993).
 Analysis
Because Donna's appeal involves claims against ABC Auto Parts and its president, Clements (collectively "ABC Auto"), that are distinct from her claims against NASCO, we analyze those claims separately.
 I. Claims Against ABC Auto
As a threshold matter, we address ABC Auto's argument that Donna's claim should be dismissed because, it argues, Donna's brief does not comply with the requirements of Rule 28(a)(7) and Rule 28(a)(10), Ala. R.App. P.[5] We recently stated:
 "We note that waiver of an argument for failure to comply with Rule 28(a)(10), Ala. R.App. P., has been limited to those *Page 383 
cases where there is no argument presented in the brief and there are few, if any, citations to relevant legal authority, resulting in an argument consisting of undelineated general propositions. See Jimmy Day Plumbing Heating, Inc. v. Smith, 964 So.2d 1 (Ala. 2007)(appellant's argument was insufficient to invoke review of the allegedly excessive compensatory-damages award to plaintiff/appellee in a personal-injury action where the appellant's three-sentence argument cited only a single case in support of a general proposition of law and offered no discussion of the nature and extent of the plaintiffs injuries); Davis v. Sterne, Agee Leach, Inc., 965 So.2d 1076
(Ala. 2007)(appellant's lone citation to a general principle of law without specific relevance to her action against financial services company was insufficient to meet the requirements of Rule 28(a)(10) to cite relevant authority in support of arguments); Hall v. Hall, 903 So.2d 78
(Ala. 2004) (the appellant cited no authority for the proposition that the checking account should have been included as an asset of the estate and presented no argument and cited no authority to support his conclusion that the ore tenus rule did not require an affirmance on this issue); and Ex parte Gonzalez, 686 So.2d 204 (Ala. 1996) (petitioner did not show a clear legal right to having capital-murder indictment quashed on the ground that the district attorney testified as a witness in front of the grand jury when the petitioner cited only a federal district court case that was not binding authority and that was distinguishable)."
Ex parte Borden, [Ms. 1050042, August 17, 2007]___ So.2d___, ___(Ala. 2007) (footnote omitted). Although Donna's brief does not cite an abundance of legal authority to support her claims, the brief does contain sufficient citations to caselaw to adequately frame the issues Donna presents to this Court. Because Donna supports her argument with sufficient citations to caselaw, we address the merits of her claims.[6]
Donna argues that the trial court incorrectly entered a summary judgment in favor of ABC Auto because she provided substantial evidence in the form of affidavits and deposition testimony that, she argues, created a genuine issue of material fact as to whether ABC Auto had a duty to warn Roberts, an independent contractor, of the unreasonably dangerous condition caused when Clements instructed employees of ABC Auto Parts to move the forklift after Roberts's safety measures had been put in place. Unfortunately, she fails to cite to the record when she refers to this alleged evidence in her statement of facts or in her argument.
In discussing a premises owner's liability towards an independent contractor, this Court has recognized that an "`"owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of."'" Ex parteMeadowcraft Indus., Inc., 817 So.2d 702, 706 (Ala. 2001) (quoting Glenn v. United States Steel Corp.,423 So.2d 152, 154 (Ala. 1982), quoting in turn Veal v. Phillips,285 Ala. 655, 657-58, 235 So.2d 799, 802 (1970)). Moreover, "`[t]here is no duty to warn' . . . an independent contractor `who *Page 384 
has equal or superior knowledge of a potential danger.'"Fielder v. USX Corp., 726 So.2d 647, 650 (Ala. 1998) (quoting Alabama Power Co. v. Williams, 570 So.2d 589,592 (Ala. 1990)). Rather, a premises owner's duty to warn arises when the owner is aware "`of dangers that are hidden on or inhere in that property.'" Farr Metal, Inc. v. Hines,738 So.2d 863, 864 (Ala. 1999) (quoting McGregory v. LloydWood Constr. Co., 736 So.2d 571, 575 (Ala. 1999), ultimately quoting Gulf Oil Corp. v. Bivins,276 F.2d 753, 758 (5th Cir. 1960) (emphasis omitted)). A party claiming that a duty to warn existed must show: "(1) that the defect or danger was `hidden'; (2) that it was `known to the owner'; and (3) that it was `neither known to the contractor, nor such as he ought to know.'" Meadowcraft, 817 So.2d at 706
(quoting Glenn v. United States Steel Corp.,423 So.2d at 154).
Donna alleges that the relocation of the forklift by the ABC Auto Parts employees and the fact that the emergency brake was inoperative constituted hidden dangers. She argues that these hidden dangers were apparent to ABC Auto because company employees had moved the forklift at Clements's direction, and the employees did not reset the forklift using the safety precautions that Bruce had put in place. She further argues that Roberts was unaware of the hidden dangers because, she says, no one had notified him that the employees had recently moved the forklift and the condition of the forklift appeared unaltered from its condition on the previous day. Because it possessed special knowledge about the relocation of the forklift, Donna argues, ABC Auto owed Roberts a duty to warn.
ABC Auto responds that it is not liable for Roberts's death for two reasons. First, it asserts that the alleged dangerous condition created by relocating the forklift was open and obvious. Second, it asserts that even if the relocation of the forklift did result in a hidden danger, Donna cannot prove that the relocation of the forklift by employees of ABC Auto Parts and their failure to put back in place some of the safety precautions caused a shifting of the forklift that, in turn, caused the counter-weight to fall.
"`If the danger is open and obvious, the invitor cannot be held liable.'" General Motors Corp. v. Hill,752 So.2d 1186, 1187 (Ala. 1999) (quoting Ex parte Industrial Distrib.Servs. Warehouse, Inc., 709 So.2d 16, 19 (Ala. 1997)). The claim that a dangerous condition is open and obvious is an assertion that the first and third requirements of a duty-to-warn claim — that the danger is hidden and that the contractor neither knew nor ought to have known of the danger — cannot be satisfied because the danger was readily apparent. In this case, ABC Auto claims that the removal of the extender from one arm of the forklift and the absence of some of the scotches from beneath the rear wheels were open and obvious conditions of which Roberts was aware or reasonably should have been aware. We agree.[7]
ABC Auto has provided portions of Brace's deposition that indicate that the altered conditions around the forklift were open and obvious. Bruce stated in his affidavit that the condition of the forklift *Page 385 
appeared unchanged from the previous day; however, he testified in his deposition that when he examined the forklift after the accident, he noted that the wheel scotches he had originally placed behind the rear wheels were "six, eight, ten inches away from the tires." He further testified that one arm of the forklift was "obviously" shorter than the other and that one of the forklift arms "was not in the ground." Thus, after the accident, Bruce noticed that the original safety precautions that he and his father had put in place were no longer in place. Donna also testified that Roberts had a "habit" of implementing safety precautions so that equipment would not move while he was working on it and that he "would not have worked on anything that was going to be moving." Brace's deposition testimony about the visibility of the altered condition of the fork-lift and Donna's testimony about Roberts's safety concerns indicates that Roberts should have been aware of the danger posed by the removal of the safety precautions designed to prevent the forklift from moving during repairs.
Donna submits that a genuine issue of material fact exists because, she argues, the affidavit testimony of Bruce and Wayne McCain, a mechanical engineer licensed in the State of Alabama, establishes that all three requirements of a duty to warn are satisfied in this case. However, as previously indicated, we are convinced that Brace's deposition testimony demonstrates that the conditions surrounding the forklift on the day of the accident were open and obvious. Moreover, Donna has not satisfied her burden of proving the existence of a genuine issue of material fact because her brief is devoid of any citations to portions of the record that would substantiate her claims. "This Court does not have the obligation to search the record for substantiation of unsupported factual matter appearing in an appellant's brief in order to determine whether a judgment should be reversed." Friedman v. Friedman,971 So.2d 23, 31 (Ala. 2007). Besides Brace's affidavit, the only other evidence Donna offers to prove that a hidden danger existed is the affidavit of Wayne McCain. However, McCain's affidavit is not properly before this Court because it appears only as an exhibit to Donna's appellate brief and not as part of the record on appeal.[8] "`[A]ttachments to briefs are not considered part of the record and therefore cannot be considered on appeal.'" Morrow v. State,928 So.2d 315, 320 n. 5 (Ala.Crim.App. 2004) (quoting Huff v.State, 596 So.2d 16, 19 (Ala.Crim.App. 1991)). Further, we cannot consider evidence that is not contained in the record on appeal because this Court's appellate review "`is restricted to the evidence and arguments considered by the trial court.'"Ex parte Old Republic Sur. Co., 733 So.2d 881, 883
n. 1 (Ala. 1999) (quoting Andrews v. Merritt Oil Co.,612 So.2d 409, 410 (Ala. 1992), and citing Rodriguez-Ramos v. J.Thomas Williams, Jr., M.D., P.C., 580 So.2d 1326
(Ala. 1991)). Therefore, McCain's affidavit is not properly before us and cannot serve as substantial evidence of the existence of a hidden danger.[9]
Donna has failed to provide substantial evidence that there is a genuine issue of *Page 386 
material fact as to whether a hidden danger or defect existed, that ABC Auto was aware of that danger or defect, and that Roberts did not and should not reasonably have known about the danger or defect.[10] We therefore affirm the judgment fo ABC Auto.
 II. Claim Against NASCO
Donna argues that NASCO is also liable for the wrongful death of Roberts based upon an alleged defect in the design of the forklift. Donna asserts that there is a genuine issue of material fact for a jury to resolve because, she argues, NASCO never made a showing that the forklift was not defective. She states in her brief that "[i]t is axiomatic that until the defendant makes a showing that the product was non-defective, no duty arises on the part of the plaintiff to even respond to the Motion for Summary Judgment. Nevertheless the affidavit of McCain clearly establishes a question of fact for a jury to decide as to the defectiveness of the product." Donna's brief at 23.
Donna's claim is without merit for two reasons. First, she misstates NASCO's burden in moving for a summary judgment. We have held that, in a claim alleging a violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), "`[w]hen the basis of a summary-judgment motion is a failure of the nonmovant's evidence, the movant's burden . . . is limited to informing the court of the basis of its motion — that is, the moving party must indicate where the nonmoving party's case suffers an evidentiary failure."' Tanksley v. ProSoftAutomation, Inc., 982 So.2d 1046, 1051-52 (Ala. 2007) (quoting Rector v. Better Houses, Inc., 820 So.2d 75,80 (Ala. 2001)). In an AEMLD claim "the plaintiff must affirmatively show that the product was sold with a defect or in a defective condition." Jordan v. General MotorsCorp., 581 So.2d 835, 836-37 (Ala. 1991) (citing Sears,Roebuck Co. v. Haven Hills Farm, Inc.,395 So.2d 991 (Ala. 1981)). NASCO argued in its motion that it was entitled to a summary *Page 387 
judgment because the only evidence Donna had provided to establish that the forklift was defective was McCain's affidavit. However, as noted previously, that document is not contained in the record. Because Donna did not provide substantial evidence indicating that the forklift was defectively designed, NASCO was entitled to a summary judgment.
Second, Donna's brief contains no citation to any relevant legal authority to support her contention that NASCO's failure to show that the product was not defective relieved her of the burden of responding to its summary-judgment motion. "`When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court's duty nor its function to perform an appellant's legal research.'" Ex parteShowers, 812 So.2d 277, 281 (Ala. 2001) (quoting Cityof Birmingham v. Business Realty Inv. Co., 722 So.2d 747,752 (Ala. 1998), and citing Spradlin v. Birmingham AirportAuth., 613 So.2d 347 (Ala. 1993)). Because Donna's argument as to this issue is without merit, we affirm the summary judgment for NASCO.
 Conclusion
The trial court's summary judgment in favor of ABC Auto Parts, Inc., Sidney Clements, and NASCO was proper because Donna has not provided substantial evidence indicating that a genuine issue of material fact exists. Therefore, we affirm that judgment.
AFFIRMED.
WOODALL, SMITH, and PARKER, JJ., concur.
COBB, C.J., concurs in the result.
[1] Donna concedes that her husband was acting as an independent contractor in repairing the forklift owned by ABC Auto Parts.
[2] Chocking is inserting wooden blocks under the wheels to prevent the object from rolling or moving.
[3] Her testimony included the following exchanges:
 "Q.[By counsel for ABC Auto Parts]: They would chock the wrecker?
 "A. Well, they would chock anything that you would be afraid if it was going — if you had even the slightest indication that it would move.
 "Q. You did not want it to move in any way?
 "A. It was a habit that things had to be done to where nobody could get hurt on it"
[4] Scotches are the wooden or rubber blocks used for chocking heavy equipment. The blocks are placed underneath the wheels of the machinery to prevent the object from moving during the repairs.
[5] The relevant portion of Rule 28(a)(7) states that an appellant's brief shall contain "[a] full statement of the facts relevant to the issues presented for review, with appropriate references to the record
The relevant portion of Rule 28(a)(10) states that the argument section of an appellant's brief must contain "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on."
[6] We recognize that ABC Auto argues that Donna's claims should be dismissed because of the procedural deficiencies in Donna's brief. However, we have held that dismissal is not warranted despite noncompliance with Rule 28 when "we are able to adequately discern the issue [the appellant] presents, in spite of his failure to present authorities in support of his claim." Kirksey v. Roberts, 613 So.2d 352, 353
(Ala. 1993).
[7] ABC Auto also argues that Donna cannot meet her burden to prove that the counter-weight fell because safety measures were removed when ABC Auto Parts employees moved the forklift. The cause of the fall of the counterweight, it is suggested, is unknown because Bruce, the only potential eyewitness, testified that he did not see the counterweight fall. Because we agree that the conditions surrounding the forklift on the day of the accident were open and obvious, we do not reach the question of causation.
[8] Counsel for both ABC Auto and NASCO moved to strike the McCain affidavit from the trial record. The hearing to decide the defendants' motion to strike was scheduled for September 6, 2006, but the trial court never ruled on that motion because the court entered its summary judgment on September 13, 2006. In any event, the affidavit is not a part of the record on appeal.
[9] We also note that McCain's statements in his affidavit do not appear to be based on personal knowledge as required by Rule 56(e), Ala. R. Civ. P., and that they are conjectural in nature. The affidavit offers general propositions about the hidden hazards that can result when an individual alters a heavy-equipment work site without a mechanic's knowledge. McCain does not state that he personally inspected the forklift or the repair site after the accident and saw any dangerous hazard created by the relocation of the forklift. His statements concern only hidden hazards that can occur, and what can occur is not substantial evidence of what actually did occur. Hurst v. Alabama Power Co.,675 So.2d 397, 400 (Ala. 1996) (holding that "mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party's burden to offer facts to defeat the motion" and citingCrowne Inv., Inc. v. Bryant, 638 So.2d 873, 878
(Ala. 1994)); Riggs v. Bell, 564 So.2d 882, 885
(Ala. 1990) (same); Williams v. Palmer, 277 Ala. 188,193, 168 So.2d 220, 224 (1964) (holding that "[e]vidence which affords nothing more than mere speculation, conjecture or guess is wholly insufficient to warrant the submission of a case to the jury").
ABC Auto and NASCO also contend that the McCain affidavit is not properly before us because, ostensibly, the affidavit was not timely disclosed in accordance with the trial court's deadline for the disclosure of expert witnesses. We need not, however, reach this question.
[10] Bruce testified that, when he and Roberts began working on the forklift, he chocked the wheels, inserted the forklift arms with attached extenders into the ground, and engaged the emergency brake. Donna also alleges that ABC Auto had a duty to warn about the inoperative condition of the emergency brake. However, that assertion is problematic because Bruce testified that he did not check to see if the emergency brake remained engaged on the day of the accident. Donna is unable to prove that the allegedly defective condition of the emergency brake caused or contributed to the accident because she has offered no proof that the brake was engaged when the accident occurred.