41 So.3d 743 (2009)
Debra OWENS
v.
HOOTERS RESTAURANT et al.[1]
1060871.
Supreme Court of Alabama.
September 18, 2009.
Rehearing Denied January 22, 2010.
Tyrone Townsend, Birmingham, for appellant.
Brian A. Wahl of Stewart M. Cox of Bradley Arant Rose & White LLP, Birmingham, for appellee Hooters Restaurant.
PER CURIAM.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(E), Ala. R.App. P.
LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
COBB, C.J., concurs specially.
COBB, Chief Justice (concurring specially).
I write specially to note why I conclude, after a careful examination of the record in this case, that the summary judgment in favor of Hooters Restaurant is due to be affirmed. This Court reviews summary judgments under the following standard:
"This Court's review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce `substantial evidence' as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12."
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).
The facts in this case, viewed most favorably to Debra Owens, as the nonmovant, show the following. On March 3, 2004, Owens's automobile was struck from behind by another automobile operated by John Michael Williams. Sometime before the accident, Williams had been celebrating a promotion in his job with some coworkers at a Hooters restaurant. The accident occurred approximately six-tenths of a mile from the restaurant. The investigating officer's report indicated that Williams was "traveling at a high rate of speed and switching from lane to lane" before hitting Owens's automobile; the officer administered a breath test to Williams, which resulted in a .16 blood-alcohol reading. Owens and her husband testified that Williams smelled of alcohol at the site of the accident and that he was slurring his speech and staggering after the accident. The officer determined that Williams was under the influence of alcohol *744 and arrested Williams at the site. Williams subsequently pleaded guilty to a charge of driving under the influence.
Owens sued Hooters, alleging that Hooters had violated Rule 20-X-6-.02(4), Ala. Admin. Code (Alcoholic Beverage Control Board), which states that "[n]o [Alcoholic Beverage Control] Board on-premises licensee, employee or agent thereof shall serve any person alcoholic beverages if such person appears, considering the totality of the circumstances, to be intoxicated." Owens alleges that Hooters violated Rule 20-X-6-.02(4) by serving alcohol to an allegedly visibly intoxicated Williams, which is actionable under Alabama's Dram Shop Act, § 6-5-71, Ala.Code 1975. That Code section provides, in pertinent part:
"(a) Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages."
(Emphasis added.)
In its defense of Owens's complaint, Hooters moved for a summary judgment, arguing that Owens had not satisfied her burden of proof because, Hooters said, she failed to present any evidence supporting her allegation that Hooters had violated § 6-5-71, Ala.Code 1975, by serving Williams alcohol when he was visibly intoxicated.[2] The trial court granted Hooters' motion for a summary judgment. The evidence in this case strongly supports the conclusion that Williams was intoxicated at the scene of the accident; it might even be inferable that Williams was intoxicated when he left the Hooters restaurant. However, the record contains no evidence that would support an inference that any employee of Hooters served Williams alcohol while he was visibly intoxicated. Owens has presented no affidavit by any of Williams's fellow patrons or any Hooters employee to suggest that on the night of the accident Williams was served alcohol while he was visibly intoxicated. Further, Owens's attempt to support her argument in this case by attaching restaurant receipts to her reply brief in this appeal is ineffectual, because this Court's review is limited to only materials in the record.[3] Appellate courts are not permitted to consider matters outside the record. See, e.g., Etherton v. City of Homewood, 700 So.2d 1374, 1378 (Ala.1997). "`"[A]ttachments to briefs are not considered part of the record and therefore cannot be considered on appeal."'" Roberts v. NASCO Equip. Co., 986 So.2d 379, 385 (Ala.2007) (quoting Morrow v. State, 928 So.2d 315, 320 n. 5 (Ala.Crim.App.2004), quoting in turn Huff v. State, 596 So.2d 16, 19 (Ala. Crim.App.1991)). See also Ex parte Ruggs, 10 So.3d 7 (Ala.2008). Accordingly, I must concur in the affirmance of the summary judgment.
NOTES
[1] "Hooters Restaurant" was the only named defendant in this action.
[2] In Odom v. Blackburn, 559 So.2d 1080 (Ala. 1990), the Court held that evidence supporting an inference that the defendant club had served the patron who injured the plaintiff while he was "visibly intoxicated" was necessary for the plaintiff to create a genuine issue of material fact under § 6-5-71 against the club's motion for a summary judgment.
[3] Owens attached copies of several receipts to her reply brief in this case. She asserts that these receipts show that Williams remained at the Hooters restaurant for approximately three hours, during which time he and another restaurant patron at his table were served six pitchers of beer.