[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14221
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-01878-CV-5-CLS

HENRY CRAIG PRIDE,

                                                        Plaintiff-Appellant,

versus

LABORATORY CORPORATION OF AMERICA,
INTERNATIONAL PAPER COMPANY,
foreign corporations licensed to
do business in Alabama,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 27, 2010)

Before EDMONDSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Henry Craig Pride, a former employee of International Paper Company ("IP"), proceeding *pro se*, appeals from the district court's orders granting summary judgment to IP and Laboratory Corporation of America ("LabCorp"). Pride alleged, *inter alia*, state law claims of negligence regarding a urinalysis that IP ordered, and LabCorp performed. Pride was employed with IP for approximately 29 years, and on or around October 14, 2005, IP selected him to undergo a random drug test. LabCorp analyzed the sample and reported to IP on November 9, 2005 that Pride tested positive for marijuana. Pride had two additional drug tests conducted at Quest Diagnostics Incorporated on or about November 21, 2005 and December 2, 2005. Pride tested negative for marijuana in both tests. LabCorp also tested a split sample from Pride's original test, and the result was positive for marijuana. IP informed Pride that he could return to work if he signed a waiver acknowledging that: (1) he agreed with LabCorp's initial test results; (2) he would not file a grievance against IP regarding this incident; and (3) if he tested positive in the future, he would be fired immediately. Because Pride did not sign the agreement, IP terminated his employment.

In his complaint, Pride alleged that LabCorp was negligent, in that LabCorp owed him a duty of care to report accurate results, that it breached this duty by

2

reporting inaccurate results and failing to investigate the results and perform additional testing, and that its breach proximately harmed him by causing him to lose his job and suffer severe emotional and mental distress ("Count One"). Additionally, in Counts Two through Five, Pride alleged wantonness and willfulness, invasion of privacy, outrage, and intentional interference with a business relationship against LabCorp. Finally, he alleged that IP was negligent for failing to investigate the differing test results and conduct additional testing ("Count Six"). The district court granted summary judgment to LabCorp and IP on all counts.

On appeal, Pride argues that the district court erred in granting summary judgment to LabCorp on Count One because a genuine issue of material fact exists as to whether LabCorp breached a duty to him in "either analyzing or reporting the results of the urine specimen." He contends that even though subsequent drug tests had the same numerical score as the first test, the subsequent tests provided that he tested negative for the presence of marijuana, and thus, established that LabCorp had been negligent. Pride also argues that he was unaware that his former counsel did not submit "the material facts of" Exhibits Five through Ten—which included his subsequent tests showing negative results—into evidence, and that he will be harmed if we do not permit him to enter these exhibits into evidence.

3

"While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam), *cert. denied*, 129 S. Ct. 74 (2008) (internal citation omitted). On appeal, Pride fails to offer any argument as to IP, and, accordingly, he has abandoned any argument that the district court erred in granting summary judgment as to Count Six. Pride also has abandoned any argument that the district court erred in granting LabCorp's motion for summary judgment as to Counts Two through Five of his complaint, as he only alleges on appeal that LabCorp was negligent in analyzing his urine sample and reporting the results of the test. Therefore, we affirm the grant of summary judgment to LabCorp and IP on Counts Two through Six, and we will only address the negligence claim under Count One against LabCorp.

"We review *de novo* a district court's grant of summary judgment, applying the same legal standards as the district court." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). The moving party is entitled to summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We "review the record, and all its inferences, in the light most favorable to the

4

nonmoving party." *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207 (11th Cir. 1997) (citation omitted).

"We review *de novo* a district court's interpretation of a state law." *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007) (citation omitted). We apply substantive state law "to state claims heard on the basis of supplemental jurisdiction." *Id.* Under Alabama law, to prevail on a negligence claim, "a plaintiff must establish four elements: 1) a duty to a foreseeable plaintiff; 2) a breach of that duty; 3) proximate causation; and 4) damage or injury." *Farr Metal, Inc. v. Hines*, 738 So. 2d 863, 863 (Ala. 1999) (citation omitted).

Here, Pride has shown no error in the district court's finding that he failed to show that LabCorp breached a duty owed to him. His only evidence in support of his allegation that LabCorp was negligent is his claim that his independently conducted drug tests were negative for the presence of marijuana. However, Pride had the independent tests conducted more than one month after LabCorp's test was performed. Moreover, Pride's initial urine sample was split and retested by LabCorp, and this split sample also tested positive for marijuana. Thus, the evidence shows that the subsequent tests do not establish that the test results from the initial urine sample were inaccurate.

Furthermore, during his deposition, Pride admitted that he was unfamiliar with urinalysis procedures, and that he had no knowledge that LabCorp did anything wrong in conducting the urinalysis. He also admitted that he did not know the procedures that LabCorp takes when conducting such a test. Pride also did not provide the district court with evidence of his claim that the subsequent tests contained the same numerical results, but reached different conclusions, because he failed to introduce these subsequent tests before the district court. The district court did not err in finding that Pride presented no evidence in support of his negligence claim, and that it was based on mere speculation. Therefore, we affirm the grant of summary judgment to LabCorp on Count One.

We also decline to consider the documents that were not before the district court. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1121 n.9 (11th Cir. 1993) (stating that "appellate review of summary judgment rulings is conducted on the basis of the record presented to the district court and we ordinarily decline to take into account evidence referred to for the first time on appeal"); *see also* Fed. R. App. P. 10(a) ("The following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk."). Moreover, Pride claims that two of the exhibits that he seeks to

introduce are his subsequent tests from Quest Diagnostics Incorporated, but the district court accepted as true that he had subsequent tests that were negative. Thus, Pride has not shown that his failure to introduce evidence before the district court warrants reversal.

Therefore, based on our review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**